**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 01-30791
Summary Calendar**

_____

**PHILLIPS PETROLEUM COMPANY,**

**Plaintiff-Appellant,**

**versus**

**PRODUCTION SYSTEMS, INC.; BUZZY P. INC.; WILLIAM LYNN KELLEY;
KELLEY CONSULTING, INC.; PRODUCTION SERVICES GROUP/PRODUCTION
SYSTEMS, INC.,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court
for the Eastern District of Louisiana
(00-CV-3010-R)**

_____

November 29, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Claiming that the Louisiana Oilfield Indemnity Act (LOIA) does not prohibit an agreement requiring Production Systems, Inc. (PSI), to indemnify Phillips Petroleum, Inc. for its vicarious liability resulting from the negligence of a joint employee of PSI and Phillips, Phillips contests the summary judgment awarded PSI. **AFFIRMED**.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

This action relates to a Phillips well. Under a temporary labor agreement, PSI agreed to lease employees to Phillips. The agreement contained the following indemnity provision:

> [PSI] warrants that each leased employee shall fully comply with all laws, rules, regulations and/or ordinances of all governments and all agencies thereof while performing work for [Phillips] as a leased employee, and [PSI] shall indemnify and hold [Phillips] harmless from all costs, fines, penalties, expenses (including attorney's fees), and damages that may directly or indirectly arise as a result of said leased employee's failure or alleged failure to comply with any of same.

One of the leased employees, Kelly Lee, while operating Phillips' vessel, injured a third party. In an action separate from this one, it was determined: that Lee was negligent in his operation of the vessel, *Barthelemy v. Phillips Petroleum Co.*, No. 96-2226, 1999 WL 65024, at *4 (E.D. La. 9 Feb. 1999), *aff'd*, 211 F.3d 594 (5th Cir. 2000)(table); and that Phillips and PSI were both vicariously liable for the actions of their joint employee, Lee, *id.* at *3 n.9, *6.

Phillips brought this action, claiming that, under the above quoted portion of the temporary labor agreement, PSI was obligated to indemnify Phillips for Lee's negligence. On cross-motions for summary judgment and PSI's was granted, on the basis that the LOIA prohibited Phillips from requiring that PSI indemnify it for the negligence of Lee, a Phillips employee.

2

A summary judgment is reviewed *de novo*, applying the identical standard used by the district court. *E.g., **Stewart v. Murphy***, 174 F.3d 530, 533 (5th Cir.), *cert. denied*, 528 U.S. 906 (1999). Such judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "We view the pleadings and summary judgment evidence in the light most favorable to the nonmovant." ***Stewart***, 174 F.3d at 533.

We must determine whether, under Louisiana Law, Phillips may enforce the indemnity provision against PSI where Phillips, as a joint employer, is vicariously liable for Lee's negligence. Along this line, the purpose of the LOIA is "to protect Louisiana oilfield contractors from over[-]reaching principals who force the contractors through indemnity agreements to bear the risk of the principal's negligence". ***Roberts v. Energy Dev. Corp.***, 104 F.3d 782, 784 (5th Cir. 1997); *see* LA. REV. STAT. ANN. § 9:2780(A). The LOIA provides:

> Any provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, is void and unenforceable to the extent that it purports to or does provide for defense or indemnity, or either, to the indemnitee against loss or

3

> liability for damages arising out of or resulting from death or bodily injury to persons, which is caused by or results from the sole or concurrent negligence or fault (strict liability) of the indemnitee, *or an agent, employee, or an independent contractor who is directly responsible to the indemnitee*.

LA. REV. STAT. ANN. § 9:2780(B) (West Supp. 2001)(emphasis added).

Phillips contends: (1) because it was a joint employer of Lee, the LOIA does not apply, and (2) because it was only vicariously liable, the indemnity agreement does not run counter to the LOIA, as Phillips would not be indemnified for its own negligent acts.

As for the first contention, Phillips admits it was a joint employer of Lee; restated, it does not contend that Lee should not be considered its employee. Accordingly, Phillips has not demonstrated that Lee, although a joint employee, was not its employee within the contemplation of the LOIA.

Phillips' second contention fares no better. The LOIA is meant to prohibit an entity, such as Phillips, from passing, to another entity, liability resulting from, *inter alia*, the acts of the first entity's employee. When an employee is negligent, the employer's liability will most often arise through vicarious liability. To accept the distinction proposed by Phillips would render the LOIA useless, because the liability of the employer seeking indemnity is many times vicarious in nature.

4

Accordingly, because Lee was an employee of Phillips, Phillips cannot escape the provisions of the LOIA based on the nature of its liability.  In the light of our holding, we need not reach the alternative reasons to affirm proposed by PSI.

III.

For the foregoing reasons, the judgment is

*AFFIRMED.*